Wesley Dwayne WIESE, Appellant,

v.

The STATE of Texas, Appellee.

No. 2–90–062–CR.

Court of Appeals of Texas,
Fort Worth.

June 26, 1991.

Rehearing Overruled July 24, 1991.

Hill, Beatty, Butcher & Gallagher, Allan K. Butcher and George Gallagher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Steven W. Conder, Asst., Fort Worth, for appellee.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

FARRIS, Justice.

A jury found Wiese guilty of aggravated robbery with a deadly weapon and assessed his punishment at thirty-seven years imprisonment. On appeal Wiese contends the trial court abused its discretion in denying his motion for new trial based upon newly discovered evidence and erred in finding the State did not improperly exercise its peremptory challenges by striking black veniremen. We sustain his second point, reverse the judgment of the trial court, and remand the case for new trial.

Wiese, who is white, complains the State discriminated on the basis of race when it used five of its peremptory challenges to strike blacks. Following the *Batson*[1] hearing the trial judge overruled Wiese's objection stating the primary reason for his ruling:

> But primarily, Mr. Sawyer, I'm denying your Motion. And so that the record will be real clear on this, I'm denying your Motion because of the Supreme Court decision stating that a white defendant cannot raise a Batson challenge successfully to the excluding of blacks from the jury. That's—That's an issue that I hope our Courts will give us some guidance on, perhaps in this very case.

■ The use of peremptory challenges to exclude otherwise qualified and unbiased persons from jury service solely because of race violates the Equal Protection Clause of the United States Constitution, and a criminal defendant has standing to raise the equal protection rights of a venireman excluded on the basis of race even though the defendant is not a member of the same race as the excluded venireman. *See Powers v. Ohio,* —— U.S. ——, 111 S.Ct. 1364, 1370–71, 113 L.Ed.2d 411 (1991); *State v. Oliver,* 787 S.W.2d 170 (Tex.App.—Beaumont 1990), *aff'd,* 808 S.W.2d 492 (Tex.

Crim.App.1991). Wiese's trial occurred before the *Powers* decision was handed down.

The trial court and counsel for the State relied upon the status of the *Batson* rule as it stood at trial and when the State filed its brief with this court. In its brief the State responded to Wiese's second point by contesting his standing, as a white person, to challenge its use of peremptory challenges against blacks. In a post-submission brief, the State, in light of *Powers,* attempted to shift its argument but ignored the trial court's stated reason for its ruling.

■ The "clearly erroneous" standard is applicable to *Batson* points. To sustain the trial court we must conclude that its finding as to each minority venireman struck was not clearly erroneous because the use of only one racially motivated strike is prohibited. *See Whitsey v. State,* 796 S.W.2d 707, 726 (Tex.Crim.App.1989) (opinion on reh'g). We will not look beyond the trial court's expressed reason for its ruling. Clearly it was error, in light of *Powers* and *Edmondson v. Leesville Concrete Co.,* —— U.S. ——, 111 S.Ct. 2077, 114 L.Ed.2d 660 to overrule Wiese's objection to racially motivated strikes because he was white, and we are not faced with a case in which we should defer to the trial court's decision because he personally observed the demeanor of the veniremen during voir dire. *See Whitsey,* 796 S.W.2d at 725.

■ Wiese met his burden of raising an inference that the State improperly exercised its peremptory challenges and the burden shifted to the State to offer a neutral explanation for its strikes. *See Keeton v. State,* 724 S.W.2d 58, 65 (Tex.Crim.App.1987). After reviewing the entire record we hold the State failed to meet its burden.

There are several factors which contributed to our holding. *See Whitsey,* 796

---

**1.** *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

S.W.2d at 713–14. First we note that the prosecutor did not ask meaningful questions of any of the five stricken black veniremen. Secondly the State treated veniremen disparately, striking a black venireman for responding to a question with the same answer as a white venireman who was accepted by the State. Thirdly the State was also disparate in its voir dire examination because it questioned one of the stricken blacks in a manner unlike its examination of white veniremen which appears to have been either calculated to evoke a certain response or indicative that the State had already decided to strike the individual involved.

The State struck May Dailey, a black venireman, who gave rehabilitation as the primary goal of punishment but accepted Arthur Bland, a white, who gave the same answer. Neither of the two was questioned closely on this matter; however the stricken black venireman spontaneously volunteered that she shared the concern of another venireman that some people were not getting enough punishment. The prosecutor also explained that he noticed Dailey had a personal fondness for the defense attorney and that he felt he had been put on the defensive because he was unacquainted with the A. Phillip Randolph Institute to which Dailey belonged. The prosecutor asked Dailey, "What is [the] A. Phillip Randolph Institution?" The prosecutor did not explain why he asked the question and the organization had not been previously mentioned. He then volunteered that defense counsel, who is black, was a civil rights advocate who had "marched with Dr King." No other venireman was questioned in a similar manner, and the disparate examination of Dailey which possibly might have evoked a feeling of identity with opposing counsel cannot justify the State's striking Dailey. Further we note that the trial judge acknowledged only the "rehabilitation" answer as a neutral explanation for the strike adding that the acceptance of Bland made the explanation questionable.

Because the trial court erred in holding Wiese lacked standing to raise a "Batson" objection and the State failed to establish a credible explanation for striking each of the five minority veniremen, we reverse the judgment of the trial court and remand the case for new trial.